UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
SHAMIYAH BRUMMELL, a/k/a           :
Shamiya Brown,                                  :
                                                              :
          Plaintiff,                            :
                                                              :
      - against -                                :
                                                              :
DANIEL STEWART, Commissioner,     :
Department of Correction, et al.,              :
                                                              :
          Defendants.                      :
------------------------------------------------------ x

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: June 10, 2011 |

09 Civ. 10326 (PAC) (FM)

ORDER ADOPTING R&R

HONORABLE PAUL A. CROTTY, United States District Judge:

      On November 5, 2009, Shamiyah Brummell commenced this action, pro se, under 42 U.S.C. § 1983, alleging that she was subjected to an unlawful strip search on October 28, 2009 at the Otis Bantum Correctional Center ("OBCC") at Rikers Island. The defendants named in the complaint are (1) Daniel Stewart ("Stewart"), identified as the Commissioner of the Department of Correction; (2) Juan Quinones ("Quinones"), the OBCC Warden; (3) an OBCC correction officer identified as "C.O. Jackson" ("Jackson"); and (4) the City of New York ("City").

      On January 4, 2010, this Court referred the general pretrial matters and dispositive motions in the case to Magistrate Judge Frank Maas. (Dkt. 3.)  Defendants have moved to dismiss Brummell's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a legal claim. Brummell has not submitted any papers in opposition. On March 24, 2011, Magistrate Judge Maas issued a Report & Recommendation ("R&R") recommending that the Court dismiss Brummell's complaint. The R&R provided fourteen days for written objections, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). No objections have been filed. For the reasons that follow, the Court ADOPTS the R&R in full and DISMISSES Brummell's petition.

## BACKGROUND

According to the complaint, on or about October 28, 2009, at approximately 11:00 a.m., Brummell and several other detainees were seated on their beds in the lower housing area of the OBCC. (Compl. 2-3). After Jackson entered, she and other officers directed the detainees to "stand up by [their] beds and strip naked." (Id. at 3). The detainees then were told to "walk to the dayroom, put on [their] clothes and face the wall." (Id.). As a result of this incident, Brummell claims to have suffered "mental anguish[, an] anxiety attack[,] embarrass[ment] [and] severe depression." (Id.).

Brummell filed a grievance at the OBCC, but her claim was rejected as nongrievable. (Id. at 3-4). She commenced this action a few days later, seeking injunctive relief and $1 million in compensatory and punitive damages. (Id. at 1, 5). On August 30, 2010, Quinones, Stewart, and the City moved to dismiss the complaint for failure to state a legal claim, (Dkt. 11), and on September 10, 2010, Stewart filed his own motion to dismiss. (Dkt. 13).

Magistrate Judge Maas issued his R&R on March 24, 2011, recommending that the Court dismiss the complaint for failure to state sufficient factual allegations.

## DISCUSSION

### I. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011).

## II. Claims Against Stewart

"[I]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001) (internal quotations omitted). A plaintiff may establish the personal involvement of a supervisory defendant by showing that the defendant (1) participated directly in the alleged constitutional violation; (2) failed to remedy the wrong after being informed of it by a report or appeal; (3) created, or allowed the continuance of, a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in supervising the subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). Here, Brummell's complaint is devoid of any allegations against Stewart, either personally or in a supervisory or policy-making role. Accordingly, her claim against Stewart for damages is dismissed.

A plaintiff seeking injunctive relief must show that the official had "a direct connection to, or responsibility for, the alleged illegal action." (Davidson v. Scully, 148 F.Supp.2d 249, 254 (S.D.N.Y. 2001). Since the New York State Commission of Correction plays no role in the daily operations of state or local jails, see N.Y. Correct. Law §§ 45, 46 (McKinney 2010), and Brummell has not alleged any involvement by Stewart, the claim for injunctive relief against Stewart is dismissed.

## III. Federal Claims Against the City

To hold a municipality liable under § 1983 for the actions of its employees, a plaintiff must show that a municipal policy or custom caused the deprivation of his constitutional rights.

3

See Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985). The "policy or custom" requirement may be satisfied by alleging the existence of a formal policy, a consistent and widespread practice, or failure to train and supervise. See Allan v. City of N.Y., 386 F. Supp. 2d 542, 545 n.3 (S.D.N.Y. 2005).

In her complaint, Brummell asks the court to ensure "that this never happens to anyone again." (Compl. 5). She does not, however, assert that the allegedly unlawful search was part of a pattern or practice of conducting unlawful strip searches, let alone in a manner that is consistent and widespread, or was caused by the City's failure to train or supervise its officers. Accordingly, her claim against the City is dismissed.

**IV. Federal Claims Against Quinones and Jackson**

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see Cox v. Malone, 199 F. Supp. 2d 135, 139 (S.D.N.Y. 2002). Brummell's complaint describes her injuries as "mental anguish[, an] anxiety attack[,] embarrass[ment] [and] severe depression." (Compl. 3). In the absence of any physical injury, Brummell's claims against Quinones and Jackson for compensatory damages must be dismissed.

While a physical injury is not necessary to recover punitive damages, an "evil motive or intent" or "callous indifference" to the plaintiff's needs "is essential to an award of punitive damages." Ivani Contr. Corp. v. City of N.Y., 103 F.3d 257, 262 (2d Cir. 1997) (internal quotations omitted). Brummell's complaint here contains no such allegations and, for this reason, her claims against Quinones and Jackson for punitive damages must be dismissed.[1]

---

[1] Additionally, as with Stewart, the Complaint contains no allegation of personal, supervisory, or policy-making involvement by Quinones or Jackson.

4

To obtain an injunction, a plaintiff is required to make "a showing of irreparable harm, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." Levin v. Harleston, 966 F.2d 85,90 (2d Cir. 1992) (internal citation and quotation marks omitted). As mentioned earlier, Brummell asks the Court to ensure "that this never happens again to anyone" and also asks that every search be "monitored by video cameras." (Compl. 5). She further demands that the offending officers be reprimanded and that she receive mental health counseling and medication. Since Brummell is no longer in the custody of the Department of Correction, however, she cannot plausibly allege that she faces a "real or immediate threat" of being subjected to another strip search.[2] Accordingly, any claim for injunctive relief must be dismissed.

## CONCLUSION

Finding no clear error, the Court ADOPTS Judge Maas's R&R in full and DISMISSES the Complaint. The Clerk of Court is directed to terminate this case. Pursuant to 28 U.S.C § 1915(a), any appeal from this Order would not be taken in good faith.

Dated: New York, New York
June 10, 2011

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Shamiyah Brummell
# 141-08-13516
A.M.K.C.
18-18 Hazen Street
East Elmhurst, NY 11370

---

[2] Any other claim for injunctive relief likewise fails because Brummell does not allege that the strip search was unrelated to a legitimate penological goal. See Covino v. Patrissi, 967 F.2d 73, 78-80 (2d Cir. 1992).